IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50483
Conference Calendar

_____


FREDERICK COLLINS FERMIN,
and on behalf of the Estate of Petra V. Fermin,

                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1159
- - - - - - - - - -
April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Frederick Collins Fermin appeals the district court's denial

of his post-judgment motions to reopen this case to allow him to

amend his complaint to add new claims.  Fermin argues that the

district court abused its discretion for failing to make a

decision on his motion to amend his complaint as authorized by

Fed. R. Civ. P. 15(a).  He also argues that the district court

abused its authority by changing his Fed. R. Civ. P. Rule 60(b)

motion to a Rule 60(a) motion.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fermin's only options were to move for relief from judgment or to appeal. Whitaker v. City of Houston, 963 F.2d 831, 834 (5th Cir. 1992). A party desiring to amend after judgment has been entered is obliged first to obtain relief from judgment. Briddle v. Scott, 63 F.3d 364, 379-81 (5th Cir. 1995). Fermin appealed first. Once he appealed, the district court no longer had jurisdiction to grant Rule 60(b) relief without leave of the Court of Appeals. Winchester v. U.S. Atty. for Southern Dist. Texas, 68 F.3d 947, 949 (5th Cir. 1995). Because Fermin did not seek substantive relief from judgment, his motion was not calculated to reopen the judgment to allow for amendment of the complaint. Briddle, 63 F.3d at 379-81.

Although Fermin cited to Rule 60(b), Fermin did not state upon which grounds he sought relief from judgment, and his motion to amend his complaint did not seek to challenge the judgment substantively. He sought only to correct the district court's erroneous citation to a statute. The district court had the authority to and did not abuse its discretion in construing his motion as seeking only a clerical correction to the citation of the statute pursuant to Rule 60(a). Britt v. Whitmire, 956 F.2d 509, 512-13 (5th Cir. 1992).

The district court did not abuse its discretion in denying Fermin's motions to reopen this case, after final judgment had been entered and while his appeal was pending, to amend his complaint to add new claims. See Rourke v. Thompson, 11 F.3d 47, 51 (5th Cir. 1993)(applying abuse of discretion standard).

We have reviewed the record and the district court's orders and find no issue of arguable merit. Accordingly, we dismiss the appeal as frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

This is not the first frivolous appeal brought by Fermin. We sanctioned Fermin for bringing a frivolous appeal in Fermin v. National Home Life Assurance Company, No. 93-8645 (5th Cir. Jan. 14, 1994) (unpublished). The district court dismissed his claims as res judicata, and this court found that Fermin's arguments that his claims were not barred by res judicata were frivolous. Once again, after this court dismissed his first appeal in this case as frivolous in Fermin v. United States of America, No. 98-50142 (5th Cir. May 7, 1998) (unpublished), Fermin is seeking a second bite at the apple. Therefore, IT IS ORDERED that Fermin is sanctioned[**] $105, thus doubling his cost of bringing this appeal. IT IS ALSO ORDERED that Fermin remit payment to the Clerk of this Court. The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any pro se civil complaint or appeal by Fermin unless Fermin submits proof of satisfaction of this sanction.

APPEAL DISMISSED; SANCTION IMPOSED.

---

[**] The appellee has not moved for sanctions. We have the authority to impose sanctions sua sponte. See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988).